UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

JOSE RIVERA,

                                Plaintiff,

      -against-

CITY OF NEW YORK, MANUEL A. GARCIA, Individually
and JOHN AND JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff JOSE RIVERA, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOSE RIVERA is a thirty-six-old male residing in the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendant, MANUEL A. GARCIA and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 15, 2022, beginning at approximately 11:25 a.m., in the vicinity of the intersection of Van Sinderen Avenue and Fulton Street, located in Kings County, plaintiff falsely arrested.

13. On the aforesaid date and time, plaintiff was waiting for the A train when defendant NYPD officers, including defendant GARCIA approached him.

14. The defendant officers searched plaintiff and removed a pocketknife from his pocket.

15. Notwithstanding that the knife was a legal folding knife, defendants arrested plaintiff without probable cause, and applied handcuffs to his wrists so tightly that plaintiff experienced severe pain, discomfort, and lacerations.

16. Plaintiff was thereafter transported to the NYPD 83rd precinct where he was imprisoned in an unsanitary holding cell for hours.

17. While plaintiff was at the 83rd precinct, defendant GARCIA knowingly transmitted false information to the Kings County District Attorney's office wherein he falsely claimed that plaintiff had possessed a switchblade knife. This allegation was false. The knife possessed by plaintiff could not be opened by pressing a lever as alleged by defendant GARCIA.

18. After several hours at the precinct, defendant officers took plaintiff to Kings County Central booking where he was searched again and placed into a holding cell.

19. After hours at central booking, plaintiff was finally brought before a judge for arraignment.

20. At arraignment, plaintiff was charged, via a criminal complaint, with, *inter alia*, criminal possession of a weapon in the third degree.

21. Plaintiff entered a plea of not guilty to all charges and was released on his own recognizance with the requirement that he return to court on future dates.

22. Plaintiff returned to court on multiple dates until or about November 28, 2022 when all charges against him were dismissed and the records thereof were sealed.

23. As a result of the foregoing, plaintiff was deprived of his liberty, sustained injuries including pain to wrists from overtight handcuffs, and suffered emotional distress.

24. Defendants GARCIA and JOHN and/or JANE 1 through 10 either directly participated and/or supervised the foregoing misconduct or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees with respect to the improper arrests of individuals for legal knives.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding how to differentiate between legal and illegal knives and probable cause to arrest individuals for possession of knives, and are insufficiently trained and otherwise engage in a policy, custom or practice of

using unreasonable force.

28. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiff JOSE RIVERA sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendant officers arrested plaintiff JOSE RIVERA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendant officers caused plaintiff JOSE RIVERA to be falsely arrested and unlawfully imprisoned.

34. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory

damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983 against Defendants Officers)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants initiated a malicious prosecution against plaintiff JOSE RIVERA by charging him with the crime of Criminal Possession of a Weapon in the Third Degree.

37. Defendants instantiated the prosecution against plaintiff JOSE RIVERA without probable cause, until the prosecution was dismissed by the Kings County District Attorney's Office on November 28, 2022.

38. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants created false evidence against plaintiff JOSE RIVERA.

41. Defendants utilized this false evidence against plaintiff JOSE RIVERA in legal proceedings.

42. As a result of defendants' creation and use of false evidence, plaintiff JOSE

RIVERA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

43. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Defendants Officers)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff JOSE RIVERA, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff JOSE RIVERA was falsely arrested, denied his right to fair trial, and maliciously prosecuted.

48. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included but were not limited to subjecting citizens to arrests for lawfully possessed knives. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOSE RIVERA'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers with respect to how to differentiate between legal and illegal knives, and with respect to use of reasonable force, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately

indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSE RIVERA.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSE RIVERA as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSE RIVERA as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSE RIVERA was unlawfully seized, detained, and prosecuted.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSE RIVERA'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff JOSE RIVERA of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment; and

    B. To be free from malicious prosecution.

61. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

67. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Plaintiff JOSE RIVERA's rights to be free from over tight handcuffing, false arrest, denial of his right to fair trial, and malicious prosecution were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

70. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

71. Qualified immunity is no defense to this claim.

72. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff JOSE RIVERA.

75. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

76. Defendants caused plaintiff JOSE RIVERA to be prosecuted without probable cause until the charges were dismissed.

77. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered, falsely arrested, and maliciously prosecuted plaintiff JOSE RIVERA.

80. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

81. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered, falsely arrested and maliciously prosecuted plaintiff.

84. As a result of the foregoing, plaintiff JOSE RIVERA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOSE RIVERA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: New York, New York
January 17, 2024

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff JOSE RIVERA
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By: *Brett Klein*
> BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JOSE RIVERA,

                                                      Plaintiff,

                                                                                                 Index No.:

        -against-

CITY OF NEW YORK, MANUEL A. GARCIA, Individually
and JOHN AND JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                      Defendants.

---------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132